FILED

2010 Aug-30  AM 11:02
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

ANGELA BRICKIE,                  }
                                 }
    Plaintiff,             }
                                 }      CIVIL ACTION NO.
v.                               }      10-AR-1964-S
                                 }
ANGELO HINKLE, as mayor of       }
the City of Brighton,            }
Alabama, et al.,                 }
                                 }
    Defendants.            }

**MEMORANDUM OPINION**

Defendants, Angelo Hinkle, as mayor of the City of Brighton, Alabama ("Hinkle"), and City of Brighton, Alabama ("the City"), removed the above-entitled case to this court from the Circuit Court of Jefferson County, Alabama, Bessemer Division, invoking this court's federal question jurisdiction under 28 U.S.C. § 1331.

Plaintiff, Angela Brickie ("Brickie"), filed a two count complaint. Pursuant to Rule 12(b)(6), F.R.Civ.P., defendants have moved to dismiss Count I, which erroneously invokes 42 U.S.C. § 1983, and claims a denial of "due process" when defendants allegedly reduced plaintiff's salary as an employee of the Brighton Community Center.

The court agrees with defendants that § 1983 does not provide a basis for plaintiff's purported federal claim against either defendant. The municipality is immune from § 1983 claims unless the conduct complained of is pursuant to an established custom and practice of the municipality or because it formally assigned full

discretion over the subject-matter to a particular person who made the decision complained of.  The mayor, who is here sued only in his official capacity, **is** the municipality for § 1983 purposes. Furthermore, there are no allegations of what "due process" procedures were available to plaintiff, if any, and whether they were properly invoked.  Accordingly, plaintiff's action, insofar as it is contained in Count I, will be dismissed with prejudice by separate order.

Defendants' do not move to dismiss Count II, which alleges that defendants' actions were in violation of **federal** and **state** law.  There is no basis whatsoever for a federal law claim under the facts alleged in Count II.  Count II is, if anything, a state law claim.

Neither plaintiff nor defendants requested oral argument on defendants' motion, and plaintiff has not filed any response to it.

Because this court's jurisdiction, if any, depends upon the existence of a federal question, and because the only federal question has disappeared, the court will decline to exercise any supplemental jurisdiction it may have and will remand the case.

A separate appropriate order will be entered.

DONE this 30th day of August, 2010.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE